# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Matthew A. Smith,

               Plaintiff,       Case No. 19-11364

v.                                Judith E. Levy
                                  United States District Judge

Dominos Pizza,

                                Mag. Judge Anthony P. Patti

               Defendant.

_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2], DENYING MOTION TO STAY [3], AND DISMISSING CASE WITHOUT PREJUDICE

Plaintiff Matthew Smith brings claims under the Americans with Disability Act ("ADA") and Title VII based on defendant Dominos Pizza's failure to accommodate his disability and for harassment in the workplace. Smith also alludes to additional state law claims in his complaint and a subsequent affidavit he filed with the Court.

Smith requests permission to proceed without prepaying fees or costs (*in forma pauperis*). (Dkt. 2.) The *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1) states: "any court of the United States may authorize

the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." Smith's application to proceed without prepaying fees indicates he currently has no earnings and few assets. The Court therefore grants his application to proceed *in forma pauperis.*

But the *in forma pauperis* statute continues. It mandates dismissal of a case brought *in forma pauperis* "at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Smith's complaint fails to state a claim at this time and is therefore dismissed.

"An employee may not file a suit under the ADA if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (procedures from § 2000e-5 apply to ADA claims)). The same is true for a claim under Title VII. *Mayers v. Sedgwick Claims Mgmt. Servs.*, 101 Fed. App'x 591, 593 (6th Cir. 2004) ("Before filing a Title VII claim, a plaintiff must receive a right-to-sue letter from the

Equal Employment Opportunity Commission (EEOC) and then file suit within ninety days after receiving the right-to-sue letter." (citing 42 U.S.C. § 2000e-5(e) and (f)). Smith represents to the Court that he filed a timely charge with the EEOC. But he indicates he has not yet received his right-to-sue letter. (Dkt. 1 at 5.) He must wait until he has received the right-to-sue letter before bringing his case in federal court. The ADA and Title VII claims are premature and are therefore dismissed.

To the extent Smith alludes to various state law claims, they are insufficiently pleaded. First, he checks the box for "Other federal law" and indicates negligence. He alleges "[t]here was Negligent Hiring and Retention . . . [and] Negligent Training." (Dkt. 1 at 7.) In a separate affidavit, he also indicates he may be intending to bring a claim of intentional infliction of emotional distress ("IIED").

To state a claim upon which relief can be granted, plaintiff must plausibly plead the elements of the claims asserted. Negligence and negligent hiring are state law claims. In addition to pleading the elements of negligence, a claim of negligent hiring, retention, or supervision requires a showing that "the employer . . . [brought] an employee into contact with a member of the public despite knowledge

that doing so was likely to end poorly." *Mueller v. Brannigan Bros. Rests. & Taverns LLC*, 323 Mich. App. 566, 574 (2018) (citing *Hersh v. Kentfield Builders, Inc.*, 385 Mich. 410, 417 (1971)). This requires the employers "actual or constructive knowledge" of previous wrongs of the employee. *Id.* at 575.[1] And IIED, also a state law claim, requires a plaintiff to demonstrate "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich. App. 670, 674 (1999).

Here, Smith has not provided sufficient factual allegations regarding defendant's knowledge and the alleged negligent hiring, retention, or training to state a claim under this theory. Moreover, if he wishes to bring a claim of IIED he must do so in his complaint–rather than a separate affidavit as he has done here–and must provide enough factual allegations to plausibly set forth the elements cited above. His current complaint does not state a claim under either theory and so must be dismissed.

---

[1] A claim of negligent hiring or retention cannot be premised on the same conduct as a workplace harassment claim. *McClements v. Ford Motor Co.*, 473 Mich. 373, 382–83 (2005).

Finally, Smith filed a motion to stay his case for 120 days so that he could "get [his] finances clear, attain counsel, and put [his] case together." (Dkt. 3.) Because the Court must dismiss the case under 28 U.S.C. § 1915(e)(2), this motion becomes moot and the Court need not address it. However, this dismissal is *without prejudice*, which means Smith is permitted to bring the case again. For his ADA and Title VII claims, however, he must wait for a right-to-sue letter before filing a federal case.

Accordingly, the Court **GRANTS** Smith's motion to proceed in forma pauperis (Dkt. 2), **DENIES** his motion to stay (Dkt. 3) as moot, and **DISMISSES** the case without prejudice.

IT IS SO ORDERED.

Dated: May 16, 2019  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 16, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager

5